## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

WENDA CAMPBELL,                          :

     Plaintiff,                          :

vs.                                      :          CA 06-0331-C

MICHAEL J. ASTRUE,                       :
Commissioner of Social Security,
                                         :
     Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and
1383(c)(3), seeking judicial review of a final decision of the Commissioner of
Social Security denying her claims for disability insurance benefits and
supplemental security income. The parties have consented to the exercise of
jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all
proceedings in this Court. (*See* Docs. 26 & 27 ("In accordance with the
provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case
consent to have a United States Magistrate Judge conduct any and all
proceedings in this case . . . and order the entry of a final judgment, and
conduct all post-judgment proceedings.")) Upon consideration of the

administrative record, plaintiff's proposed report and recommendation, the Commissioner's proposed report and recommendation, the parties' arguments at the July 11, 2007 hearing before the Court, it is determined that the decision to deny benefits should be reversed and this cause remanded to the Commissioner of Social Security for further consideration not inconsistent with this decision..[1]

Plaintiff alleges disability due to diabetes, diabetic neuropathy, hypertension and obesity.  The Administrative Law Judge (ALJ) made the following pertinent findings:

> 3.      The claimant has "severe" impairments, including insulin dependent diabetes mellitus, peripheral neuropathy, hypertension, and obesity.
>
> 4.      The claimant's impairments, considered individually and in combination, do not meet or equal in severity any impairment set forth at 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> 5.      The claimant's allegations of pain and functional limitations are not fully credible.
>
> 6.      The claimant retains the residual functional capacity to perform a full range of light work.

---

[1]      Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 26 & 27 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

     7.     The claimant can perform past relevant work.

     8.     The claimant is not disabled within the meaning of the Social Security Act.

(Tr. 23)  The Appeals Council affirmed the ALJ's decision (Tr. 4-6) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## **DISCUSSION**

In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work.  *Jones v. Bowen,* 810 F.2d 1001 (11th Cir. 1986).  In evaluating whether the claimant has met this burden, the examiner must consider the following four factors:  (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history.  *Id.* at 1005. Once the claimant meets this burden, it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy.  *Sryock v. Heckler,* 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that Campbell

can perform her past relevant work as a convenience store clerk, cook and printing laborer, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[2]

Plaintiff contends that the ALJ (1) erred in failing to make a specific finding of fact regarding the physical and mental demands of her past relevant work as a convenience store clerk, cook and printing laborer; and (2) he erred in finding that her diabetes was caused by her non-compliance with prescribed treatment. During oral argument, plaintiff's counsel added to his first argument that the ALJ's determination that Campbell can perform the full range of light work is not supported by substantial evidence inasmuch as there is no physical residual functional capacity assessment of record which establishes that she can perform light work. Because the Court can discern no substantial evidence

_____

[2]    This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen,* 826 F.2d 996, 999 (11th Cir. 1987).

in the record which supports the ALJ's determination that plaintiff can perform the full range of light work and, therefore, no support for the determination that plaintiff can perform her past relevant light work as a convenience store clerk, cook, and printing laborer, there is no need to address plaintiff's other assignments of error. *See Pendley v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims.").

Although the claimant bears the burden of demonstrating the inability to return to her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record. *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). Social Security Ruling 82-61 recognizes three possible tests for determining whether or not a claimant retains the capacity to perform his past relevant work.  They are as follows:

> 1.    Whether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job, e.g., "delivery job," "packaging job," etc.[3]
>
> 2.    Whether the claimant retains the capacity to perform the particular functional demands and

---

[3]    As recognized in the ruling, use of this test is likely to be "fallacious and insupportable" because "[w]hile 'delivery jobs,' 'packaging jobs,' etc., may have a common characteristic, they often involve quite different functional demands and duties requiring varying abilities and job knowledge."

job duties peculiar to an individual job as he or
she actually performed it.

3.      Whether the claimant retains the capacity
to perform the functional demands and job duties
of the job as ordinarily required by employers
throughout the national economy.[4]

Under § 404.1520(e) of the Commissioner's regulations, a claimant will be

found to be "not disabled" when it is determined that she retains the residual

functional capacity to perform the actual functional demands and job duties of

a particular past relevant job or the functional demands and job duties of the

occupation as generally required by employers throughout the national

economy.  SSR 82-61.

In this case, the ALJ appears to have relied upon test three above to

determine that the claimant can perform her past relevant work as a

convenience store clerk, cook and printing laborer. (*See* Tr. 22-23 ("At the

hearing, I asked the vocational expert to identify work performed by the

claimant in the past fifteen years, indicating the title of the job, and the skill

and exertional level of each job. The vocational expert testified that the

claimant had worked as a: Convenience Store Clerk (semi-skilled, light);

Kitchen Helper (unskilled, medium); Cook (semiskilled, light) and Printing

---

[4]      The Dictionary of Occupational Titles' descriptions can be relied upon to define
the job as it is usually performed in the national economy.

6

Laborer (unskilled, light). 20 C.F.R. §§ 404.1520(e) & 416.920(e) provide that an individual will be found 'not disabled' when it is determined that a claimant retains the residual functional capacity to perform past relevant work. This includes performance of the actual functional demands and duties of a particular past relevant job or the functional demands and duties of the occupation as generally required by employers throughout the national economy. Because Convenience Store Clerk, Cook and Printing Laborer are all performed at the light exertional level, I find that the claimant can perform these jobs. Upon consideration of the record, including the vocational expert's testimony, I find that the claimant retains the residual functional capacity to perform her past relevant work."))

Section 404.1520(e) of the Commissioner's regulations requires a review and consideration of a plaintiff's residual functional capacity and the physical and mental demands of the past work before a determination can be made that the plaintiff can perform his past relevant work.  Social Security Ruling 82-62 provides that evaluation under § 404.1520(e) "requires careful consideration of the interaction of the limiting effects of the person's impairment(s) and the physical and mental demands of his . . .  PRW to determine whether the individual can still do that work."  *See also Lucas v.*

7

*Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990) (to support a conclusion

that a claimant "is able to return to her past work, the ALJ must consider all

the duties of that work and evaluate her ability to perform them in spite of her

impairments").

> The RFC to meet the physical and mental demands of jobs a
> claimant has performed in the past (either the specific job a
> claimant performed or the same kind of work as it is customarily
> performed throughout the economy) is generally a sufficient
> basis for a finding of "not disabled."
>
> .       .       .
>
> The decision as to whether the claimant retains the functional
> capacity to perform past work which has current relevance has
> far-reaching implications and must be developed and explained
> fully in the disability decision.  Since this is an important and,
> in some instances, a controlling issue, every effort must be made
> to secure evidence that resolves the issue as clearly and
> explicitly as circumstances permit.
>
> Sufficient documentation will be obtained to support the
> decision.  Any case requiring consideration of PRW will contain
> enough information on past work to permit a decision as to the
> individual's ability to return to such past work (or to do other
> work). Adequate documentation of past work includes factual
> information about those work demands which have a bearing on
> the medically established limitations.   Detailed information
> about strength, endurance, manipulative ability, mental demands
> and other job requirements must be obtained as appropriate.
> This information will be derived from a detailed description of
> the work obtained from the claimant, employer, or other
> informed source.  Information concerning job titles, dates work
> was performed, rate of compensation, tools and machines used,
> knowledge required, the extent of supervision and independent

> judgment required, and a description of tasks and responsibilities will permit a judgment as to the skill level and the current relevance of the individual's work experience.

SSR 82-62. In finding that a claimant has the capacity to perform a past relevant job, the decision of the Commissioner must contain among the findings, a finding of fact as to the claimant's residual functional capacity, a finding of fact as to the physical and mental demands of the past job/occupation, and a finding of fact that the claimant's residual functional capacity would permit a return to the past job or occupation. *Id.*

It is clear that the ALJ not only need make the foregoing findings but that such findings must be supported by substantial evidence in the record. In this instance, the ALJ determined that Campbell can perform the full range of light work. (*See* Tr. 22 ("On consideration of the record, I find that the claimant retains the residual functional capacity (RFC) to perform a full range of light work. This RFC takes into consideration, among other things, claimant's allegations of numbness and pain from peripheral neuropathy and fatigue by reducing the amount of weight lifted and carried.")) "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of

walking or standing, or when it involves sitting most of the time with some

pushing and pulling of arm or leg controls."   20 C.F.R. §§ 404.1567(b) &

416.967(b) (2006). Social Security Ruling 83-10 recognizes that "[r]elatively

few unskilled light jobs are performed in a seated position."

> "Frequent" means occurring from one-third to two-thirds
> of the time. Since frequent lifting or carrying requires being on
> one's feet up to two-thirds of a workday, the full range of light
> work requires standing or walking, off and on, for a total of
> approximately 6 hours of an 8-hour workday. Sitting may occur
> intermittently during the remaining time. The lifting requirement
> for the majority of light jobs can be accomplished with
> occasional, rather than frequent, stooping. Many unskilled light
> jobs are performed primarily in one location, with the ability to
> stand being more critical than the ability to walk. They require
> use of arms and hands to grasp and to hold and turn objects, and
> they generally do not require use of the fingers for fine activities
> to the extent required in much sedentary work.

*Id.* "To be considered capable of performing a full or wide range of light

work," an individual must have the ability to perform substantially all of the

foregoing activities. 20 C.F.R. §§ 404.1567(b) & 416.967(b).

There is simply no evidence in the record which establishes that

plaintiff can perform the standing and walking requirements of a full range of

light work. To be sure, on January 3, 2004 plaintiff indicated on a physical

capacities questionnaire form that she could stand for one hour, walk for one

mile and sit for 30 minutes (Tr. 78); however, such admission, at best, suggests

that plaintiff might possibly be able to perform work which allows for a sit/stand option. This evidence decidedly does not establish that plaintiff can perform the prolonged standing and walking required of either the full range of light work or her past relevant work as a convenience store clerk, cook and printing laborer. The only physical capacities evidence in the record from a treating or examining source, evidence which was specifically rejected by the ALJ, established that plaintiff cannot even perform sedentary work. (*Compare* Tr. 140 (PCE completed by treating physician Dr. John MacLennan) *with* Tr. 166 (VE's testimony that MacLennan's PCE was "less than a sedentary PCE in the number of hours a person could sit, stand or walk.")) Having rejected the only residual functional capacity evidence of record from an independent source, this Court holds that it was incumbent upon the ALJ to obtain an RFC assessment from another source establishing that plaintiff can perform the physical requirements of the full range of light work particularly in light of the consistent testimony from the plaintiff and the vocational expert regarding the impact of diabetic neuropathy on the ability to perform work activities. (*Compare* Tr. 159 & 163 ("I'm a diabetic and right now I have complication with my sugar when I stay level and the diabetic complication now is going into my legs and my feet[]. . . . Like I said I got sick [during the latter part of

2003] and my feet[] and stuff started bothering me. I couldn't walk on them, couldn't stand up.") *with* Tr. 167 (VE's testimony that "[d]iabetes results in a lot of different conditions from numbness or neuropathy in the extremities to loss of vision as the disease progresses, and also the loss of the extremities if the claimant has severe diabetes and is non-compliant. Limitations from me would be sedentary to light jobs that allow more for the sit/stand option or would allow mostly sitting."))[5]  Because the record in this case contains no evidence, much less substantial evidence, which establishes that plaintiff can perform the physical requirements of the full range of light work--in particular, the six hours of walking and standing--the Court finds that the ALJ improperly

---

[5]     This testimony and the evidence of record as a whole (*see* Tr. 78-83 & 99-142) reflects the type of physical limitations experienced by individuals who have insulin-dependent diabetes mellitus and peripheral (or diabetic) neuropathy. "[T]he term 'diabetic neuropathy' is defined as 'a generic term for any diabetes mellitus-related disorder of the peripheral nervous system, autonomic nervous system, and some cranial nerves.' . . . 'This most common of the chronic complications of diabetes can affect either the peripheral or the autonomic nervous system, or both. Peripheral neuropathies can cause bilaterally symmetric hypethesia, hyperesthesia, paresthesia, loss of temperature and vibratory sense, or causalgia. Involvement of the autonomic nervous system may be manifested by postural hypotension, gastroparesis, alternating diarrhea and constipation, and impotence. *The pathogenesis of chronic diabetic neuropathy is poorly understood. Symptoms tend to progress, and the response to treatment is unpredictable.*'" *Barrientoz v. Massanari*, 202 F.Supp.2d 577, 580 n.21 (W.D.Tex. 2002) (emphasis in original), citing and quoting STEDMAN'S MEDICAL DICTIONARY, 1212 (27th ed. 2000); *see also The Sloane-Dorland Annotated Medical-Legal Dictionary*, 376 (Diabetic neuropathy is "a chronic, symmetrical sensory polyneuropathy affecting first the nerves of the lower limbs and often affecting autonomic nerves; pathologically, there is segmental demyelination of the peripheral nerves."); *see Mendoza v. Apfel*, 88 F.Supp.2d 1108, 1109 n.1 (C.D. Cal. 2000) ("Peripheral neuropathy, or polyneuropathy, consists of 'neuropathy of several peripheral nerves simultaneously.'").

determined not only that Campbell retains the residual functional capacity to perform the full range of light work but, as well, improperly determined that plaintiff can perform the requirements of her past work as a convenience store clerk, cook and printing laborer.[6]   Accordingly, this cause must be remanded to the Commissioner of Social Security for further proceedings not inconsistent with this decision.

## CONCLUSION

The Court **ORDERS** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision.  The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over

---

[6]     Put differently, based upon the evidence contained in this record, this Court finds that plaintiff has carried her burden of establishing her inability to return to her past relevant work.

13

this matter.

**DONE** and **ORDERED** this the 12th day of July, 2007.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**